UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GERARDO ESCOTO, et al.,    No. 2:08-cv-00839-MCE-KJM

    Plaintiffs,

  v.    MEMORANDUM AND ORDER

FOREMOST SUPERIOR MARBLE, INC., et al.,

    Defendants.

----oo0oo----

Presently before the Court is Plaintiffs' Motion for 6 Day Extension of Time, which this Court will view as a Motion to Amend the Pretrial Scheduling Order ("PTSO"). The parties stipulated to have this Motion heard on shortened time. For the following reasons, Plaintiffs' Motion to Extend Time is denied, and its Motion for Summary Judgment is consequently denied as untimely.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

1    Generally, the Court is required to enter a pretrial
2 scheduling order within 120 days of the filing of the complaint.
3 Fed. R. Civ. P. 16(b).  The scheduling order "controls the
4 subsequent course of the action" unless modified by the Court.
5 Fed. R. Civ. P. 16(d).  Orders entered before the final pretrial
6 conference may be modified upon a showing of "good cause," Fed.
7 R. Civ. P. 16(b), but orders "following a final pretrial
8 conference shall be modified only to prevent manifest injustice."
9 Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations,
10 975 F.2d 604, 608 (9th Cir. 1992).
11    Rule 16(b)'s "good cause" standard primarily considers the
12 diligence of the party seeking the amendment.  Id. at 609.  "The
13 district court may modify the pretrial schedule 'if it cannot
14 reasonably be met despite the diligence of the party seeking the
15 extension.'"  Id., quoting Fed. R. Civ. P. 16 advisory
16 committee's notes (1983 amendment).  "Moreover, carelessness is
17 not compatible with a finding of diligence and offers no reason
18 for a grant of relief."  Id.  "Although the existence or degree
19 of prejudice to the party opposing the modification might supply
20 additional reasons to deny a motion, the focus of the inquiry is
21 upon the moving party's reasons for seeking modification.  If
22 that party was not diligent, the inquiry should end."  Id.
23    Plaintiffs have not established the requisite good cause.
24 The PTSO clearly establishes the last date by which dispositive
25 motions must be heard and advises the parties to contact the
26 Deputy Courtroom Clerk to obtain available hearing dates.
27 Plaintiffs failed to inquire as to those dates and wrongly
28 assumed that September 18 was available.

2

1  Moreover, even if September 18 had been available,
2  Plaintiffs' filing of its Motion for Summary Judgment was
3  untimely.  To have been heard on September 18, Plaintiffs would
4  have had to serve their Motion electronically not later than
5  August 18.  Instead, they electronically served Defendants and
6  filed that Motion piecemeal from August 21 through August 25.
7  Thus, no good cause having been shown, Plaintiffs' Motion for
8  Extension of Time is denied.

**CONCLUSION**

Plaintiffs' Proposed Order and Motion to Shorten Time (Docket No. 46) is DENIED as moot in light of the parties' stipulation to the same (Docket No. 49), which is granted. Plaintiffs' Motion for 6 Day Extension of Time (Docket No. 36) is DENIED. Consequently, Plaintiffs' Motion for Summary Judgment (Docket No. 44) is DENIED as untimely. Hearing dates on the above are ordered vacated, but Defendants' Motion to Disqualify Counsel (Docket No. 35) will remain on calendar for hearing on September 24, 2009.

IT IS SO ORDERED.

Dated: September 1, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3